UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BARBARA C. HOLLIS,

      Plaintiff,                         Case No. 3:14-cv-324

vs.

COMMISSIONER OF                       District Judge Thomas M. Rose
SOCIAL SECURITY,                 Magistrate Judge Michael J. Newman

      Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

     This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 12), the administrative record (doc. 7),[3] and the record as a whole.

---

    [1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

    [2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

    [3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

**I.**

A.      **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of January 20, 2009.

PageID 231-43.   Plaintiff suffers from a number of impairments including, among others,

degenerative disc disease, thyroid disorder, knee osteoarthritis, abdominal pain, migraines,

obesity, anxiety and depression.  PageID 48-49.

After initial denial of her claims, Plaintiff received a hearing before ALJ Mary F. Withum

on February 13, 2013.  PageID 64-96.  The ALJ subsequently issued a written decision finding

Plaintiff not "disabled."  PageID 46-58.  Specifically, the ALJ's findings were as follows:

1.      The claimant meets the insured status requirements of the Social Security
        Act through June 30, 2014.

2.      The claimant has not engaged in substantial gainful activity since January
        20, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et
        seq*.).

3.      The claimant has the following severe impairments: degenerative disc
        disease and obesity (20 CFR 404.1520(c) and 416.920(c)).

4.      The claimant does not have an impairment or combination of impairments
        that meets or medically equals the severity of one of the listed
        impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR
        404.1520(d), 404.1525, 404.1526, and 416.920(d), 416.925 and 416.926).

5.      After careful consideration of the entire record, I find that the claimant has
        the residual functional capacity ["RFC"] to perform light work[4] as
        defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can
        never climb ladders, ropes, or scaffolds, and must avoid all exposure to

---

[4] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 404.1567.  Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567(b).  An individual who can perform light work is presumed also able to perform sedentary work.  *Id.*  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."  20 C.F.R. § 404.1567(a).

unprotected heights.  The claimant must avoid concentrated exposure to extreme cold and humidity.  The claimant's work is limited to multi-step tasks.  The claimant must be employed in a low stress job with only occasional decisionmaking an only occasional changes in the work setting.  The claimant can only interact with the public, co-workers, and supervisors.

6.    The claimant is capable of performing past relevant work as a nurse.  This work does not require the performance of work-related activities precluded by the claimant's [RFC] (20 CFR 404.1565 and 416.965).

7.    The claimant has not been under a disability, as defined in the Social Security Act, from January 20, 2009, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

PageID 48-58.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 35-40. Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B.    Evidence of Record

In her decision, the ALJ summarized the medical evidence of record.  PageID 49-55. Plaintiff, in her Statement of Errors, sets forth an extensive summary of the record evidence. Doc. 9 at PageID 674-80.  The Commissioner defers to the ALJ's statement of the medical record as well as Plaintiff's recitation of relevant evidence.  Doc. 12 at PageID 700. Accordingly, except as otherwise noted herein, the undersigned incorporates Plaintiff's undisputed summary of the evidentiary record.  Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

### A.  Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference."  *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.     "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging

in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability

determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the

ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

> 1.  Has the claimant engaged in substantial gainful activity?
>
> 2.  Does the claimant suffer from one or more severe impairments?
>
> 3.  Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?
>
> 4.  Considering the claimant's RFC, can he or she perform his or her past relevant work?
>
> 5.  Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio

2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the

Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by: (A) failing to properly

weigh the opinion of examining physician Amita Oza, M.D.; (B) making an unreasonable and

unsupported determination regarding her credibility; (C) inaccurately describing the extent of her

daily activities; and (D) failing to ask appropriate hypothetical questions of the vocational expert

("VE") at the administrative hearing. Finding error in the ALJ's weighing of Dr. Oza's opinion,

the undersigned makes no finding regarding Plaintiff's remaining arguments.

Plaintiff argues that the ALJ's analysis of Dr. Oza's opinion fails to comply with the requirements of the Commissioner's regulations and is unsupported by substantial evidence. Doc. 9 at PageID 681-84. Plaintiff contends that the ALJ erred in her analysis of Dr. Oza's opinion because she failed to give the opinion controlling weight or deferential weight; her finding of inconsistencies -- between Dr. Oza's opinion and the opinion of examining physician Damon M. Danopulos, M.D. -- is not supported by the record; and her reliance on Plaintiff's lack of treatment -- used to discredit Dr. Oza's opinion -- fails to acknowledge Plaintiff's lack of insurance coverage and inability to pay for treatment. *Id*.

An ALJ must give controlling weight to a treating source if the ALJ finds the treating physician's opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). This requirement is known as the "treating physician" rule. *Blakley v. Comm'r Of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). Even where controlling weight is not given, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009). Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2); *see also Blakley*, 581 F.3d at 406.

As noted above, Dr. Oza is an examining physician, not a treating physician. PageID 400-06. Thus, contrary to Plaintiff's argument, Dr. Oza's opinion is not evaluated under a controlling weight analysis. *See Beard v. Comm'r of Soc. Sec.*, No. 5:13 CV 1704, 2014 WL

2919211, at *18 (N.D. Ohio June 27, 2014) (stating that the opinion of "a one-time examining physician . . . [is] not entitled to controlling weight").  However, "[b]ecause the record d[oes] not include a . . . RFC assessment by a treating provider, the ALJ was required to weigh the opinions of the examining and non-examining [medical] sources in accordance with the factors set forth in 20 C.F.R. §§ 404.1527(c), 416.927(c)." *Dow v. Comm'r of Soc. Sec.*, No. 1:13CV493, 2014 WL 4377820, at *8 (S.D. Ohio Sept. 4, 2014).

Dr. Oza found Plaintiff capable of sedentary work with frequent changes in position every ten to fifteen minutes.  PageID 406.  Dr. Oza further opined that Plaintiff "can function at least for four hours" per day.  *Id.*  Pursuant to testimony of the vocational expert ("VE"), if Plaintiff is limited to the extent found by Dr. Oza, she would likely be unemployable.  *See* PageID 93.  The ALJ assigned "little to no weight" to Dr. Oza's opinion because:

> First, Dr. Oza noted that the claimant was limited in range of motion, but more because of a lack of flexibility than any underlying physical impairments.  Yet, she uses those unreliable results to justify a very limiting functional capacity assessment.  Dr. Oza also ignored her other treatment notes that the claimant has not had any surgery or pain medication, and relies on the claimant's report that her pain is a ten out of ten.  The claimant reported ten out of ten pain, yet had limited hospitalizations for back pain after her onset date.  Also, her findings contradict the examination of Dr. Danopulos where the claimant walked with a normal gait, had full muscle strength, and normal range of motion.  Her findings also contradict the mild, unchanged imaging evidence of the claimant's lumbar and cervical spine, which indicate that the claimant can still perform light work.

PageID 54.  The undersigned agrees with Plaintiff that the ALJ's analysis of Dr. Oza's opinion is unsupported by substantial evidence.

With regard to Dr. Oza's purported reliance on range of motion findings caused by a lack of flexibility, such lack of flexibility findings were limited solely to Plaintiff's range of motion at "both knees."  PageID 405.  As detailed by Dr. Oza in her narrative report, Plaintiff's main

complaints are neck and low back pain, *see* PageID 404, where she found restricted range of motion in the cervical spine and decreased range of motion in the lumbar spine.  PageID 405. Significantly, nowhere does Dr. Oza attribute such findings at the cervical or lumbar spine to a lack of flexibility.  *Id*.  Thus, the ALJ's discrediting of Dr. Oza's opinion in this regard is unsupported by substantial evidence.

Insofar as the ALJ found Dr. Oza's opinion in conflict with Dr. Danopulos's findings, it is not clear to the undersigned how Dr. Danopulous's findings wholly undermine Dr. Oza's opinion.  Notably, Dr. Danopulous never offered an opinion concerning Plaintiff's specific limitations, but did conclude -- similar to Dr. Oza -- that Plaintiff's "ability to do any work related activities is affected in a negative way from the combination of trunkal obesity plus migraine headaches and cervical spine multilevel spondylosis plus mild lumbar spine arthritic changes."  PageID 658.

Further, the ALJ relies on certain clinical findings in Dr. Danopulous's report to the exclusion of other clinical findings supportive of Dr. Oza's opinion, such as painful motion in Plaintiff's cervical and lumbar spine.  PageID 657.  An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position." *Daniel v. Comm'r of Soc. Sec.*, No. 3:14-cv-51, 2015 WL 4550406, at *4 (S.D. Ohio Mar. 6, 2015); *cf. Carter v. Comm'r of Soc. Sec.*, No. 3:13-cv-296, 2015 WL 791473, at *6 (S.D. Ohio Feb. 24, 2015) (finding error where the ALJ referenced only normal findings while either ignoring or minimizing abnormal findings).  Thus, the ALJ's determination -- that Dr. Danopulous's findings undermine Dr. Oza's opinion -- is unsupported by substantial evidence.

Last, the undersigned finds error in the ALJ's conclusion that Dr. Oza's opinion "contradict[s] the mild, unchanged imaging evidence of the claimant's lumbar and cervical

spine[.]" PageID 54. It appears that the ALJ's conclusion is this regard is based upon the opinions of record-reviewing, non-examining physicians Victoria Eskinazi, M.D. and Leanne M. Bertani, M.D., who, in finding Plaintiff capable of a reduced range of light work, analyzed the imaging evidence. *See* PageID 108-09; 140-42.

However, both Dr. Oza and Dr. Danopulos also referenced abnormal imaging findings in rendering their detailed, narrative, disabling opinions, *see* PageID 404, 656, and, generally their opinions are "to be given . . . more weight than a non-examining source." *See Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 463 (6th Cir. 2012). While in some circumstances "[a] non-examining physician's opinion may be accepted over that of an examining physician[,]" such acceptance generally occurs where "the non-examining physician clearly states the reasons that his [or her] opinion[] differ[s]"). *Lyons v. Soc. Sec. Admin.*, 19 F. App'x 294, 302 (6th Cir. 2001). Here, the record-reviewers simply offered different conclusions without the benefit of personally examining Plaintiff or explaining their disagreement and, therefore, the ALJ's conclusion in this regard is unsupported by substantial evidence.

Accordingly, the undersigned concludes that the ALJ failed to properly weigh the opinion of Dr. Oza and, therefore, the non-disability finding here at issue should be reversed as unsupported by substantial evidence.[5]

_____

[5] All of the aforementioned errors result in the undersigned's conclusion that the non-disability finding should be reversed and the case remanded for further proceedings. The undersigned further notes that the ALJ also relied on Plaintiff's lack of surgery, use of pain medication, and "limited hospitalizations" in rejecting Dr. Oza's opinion. PageID 54. While the undersigned makes no conclusion as to whether such reliance is error, the Court does note Plaintiff's testimony concerning a lack of medical insurance, and that she could not seek treatment at hospitals, "urgent cares, ERs or anything like that" because of her inability to pay. PageID 70; *see Jewett v. Comm'r of Soc. Sec.*, No. 3:13-cv-341, 2015 WL 4540184, at *6 (S.D. Ohio Feb. 24, 2015) (stating that "an ALJ cannot discount a claimant's credibility based upon 'a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment'"); *see also* SSR 96–7p, 1996 WL 374186, at *7 (July 2, 1996). On remand, the undersigned would direct that the ALJ reassess the medical source opinions and Plaintiff's credibility in light of such explanation.

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

Here, evidence of disability is not overwhelming in light of the varying, non-treating medical source opinions, and therefore, a remand for further proceedings is proper so that the ALJ can properly assess all opinion evidence of record anew in light of the foregoing findings. In addition, the ALJ should also assess Plaintiff's credibility anew on remand. *See supra* note 5.

**V.**

**IT IS THEREFORE RECOMMENDED THAT:**

1.     The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2.     This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3.     This case be **CLOSED**.


Date:   February 9, 2016                           *s/ Michael J. Newman*
                                                   Michael J. Newman
                                                   United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).